**JEWISH EMPLOYMENT AND VOCATIONAL SERVICE, INC.**

v.

**PLEASANTVILLE EDUCATIONAL SUPPLY CORP., Charles L. Kass, Joseph Kass and Progressive Systems Corp.**

Civ. A. No. 81–847.

United States District Court, E.D. Pennsylvania.

April 19, 1983.

Alan H. Bernstein, Caesar, Rivise, Bernstein & Cohen, Philadelphia, Pa., for plaintiff.

Harry A. Rutenberg, Philadelphia, Pa., for defendants.

## MEMORANDUM

McGLYNN, District Judge.

This is a petition under 15 U.S.C. § 1117 and 17 U.S.C. § 505 by the prevailing plaintiff for an award of counsel fees for the legal services performed in connection with the trademark and copyright aspects of this litigation. Plaintiff seeks $55,537.50.

Defendants object contending (1) the hours are excessive, (2) the rates are excessive, (3) the time is not properly apportioned between the compensable and noncompensable hours and (4) the statute does not authorize the award of counsel fees in connection with the enforcement of a nonregistered trademark.

It seems to me that these issues are largely academic because of the fee arrangement between the plaintiff and its counsel. The agreement provided that counsel would bill the client at one-half the usual rate but would seek to recover fees at the full rate in which event the client would receive the excess.

The allowance of counsel fees is one of the remedies involved in the statutory enforcement scheme and is designed to repay the client for the actual expenses incurred in prosecuting the action. The statutes do not contemplate that the fee petition engender a profit to the client over and above the amount required to be expended.

Accordingly, plaintiff's request will be cut in half resulting in a fee award of $27,768.75.

Because of my familiarity with the proceedings in this matter I am satisfied that this sum would be well within the guidelines established by *Lindy Bros. Builders, Inc. v. American Radiator and Standard Sanitary Corp. (Lindy I)*, 487 F.2d 161 (3d Cir.1973) and its progeny, thus making a detailed examination of the time and rates unnecessary.